IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHELLY G. DICKERSON,

    Plaintiff,

v.

JAMES L. PERDUE and
JAMES L. PERDUE
d/b/a J. L. PERDUE,

    Defendants.                                         Case No. 07-cv-206-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Plaintiff/counterdefendant Shelly G. Dickerson ("Dickerson") has filed a Motion to Dismiss (Doc. 21) the Counterclaim (Doc. 19) filed by defendants/counterplaintiffs James L. Perdue and James L. Perdue d/b/a J. L. Perdue ("Perdue"). Dickerson argues that the Counterclaim alleges fraud, which must be pleaded with particularity pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 9(b)**. Further, she asserts that because the Counterclaim is "devoid of specific details, and merely offers conclusory statements of alleged fact . . . [without] [t]he who, how, what and why . . ." it should be stricken in its entirety (Doc. 23, pp. 2-3). In the alternative, Dickerson asks the Court to order Perdue to file a More Definite Statement, pursuant to **Rule 12(e)**.

In response, Perdue agrees that it would be appropriate to dismiss the Counterclaim if the Court grants leave to amend, pursuant to **Rule 15**, in order to

correct the pleading deficiencies (Doc. 25, ¶ 1). In their Response, Perdue moves the Court for leave to file their First Amended Counterclaim (Doc. 25, ¶ 3). Perdue has submitted its proposed First Amended Counterclaim to the Court for review.

The Court determines that Perdue's Counterclaim currently states a cause of action for fraud that has not been plead with the particularity required by **Rule 9(b)**. Upon review, the Court finds that the allegations stated within Perdue's First Amended Counterclaim will likely serve to correct the noted pleading deficiencies. Therefore, the Court **GRANTS** Perdue's request for leave to amend, as made within their Response (Doc. 25). Accordingly, the Court allows Perdue leave to file its proposed First Amended Counterclaim by **February 13, 2008**, pursuant to **Rule 15**. As such, the Court hereby **FINDS AS MOOT** Dickerson's Motion to Dismiss (Doc. 21). The Court notes that should Perdue fail to timely file the proposed First Amended Counterclaim or fail to request an extension of time for good cause, Dickerson may again move to dismiss the original Counterclaim for failure to plead in accordance with **Rule 9(b)**.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**